24 F.3d 245
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 BUTTE MINING PLC; Tzarina & Travona Mining Corp.; Central
Butte Mining Corp.; North Butte Mining Company,
Plaintiffs-Appellees,
v.
Clive J. SMITH, et al., Defendants,
and
Ernst & Young (U.K.), Defendant-Appellant.
 No. 92-36890.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 2, 1994.
Decided May 17, 1994.
 
 Before: WRIGHT, SCHROEDER, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The underlying action was brought in United States District Court in Montana by plaintiff-appellee Butte Mining Corporation, a United Kingdom corporation, against numerous defendants including Ernst & Young, U.K., a United Kingdom partnership. Butte asserted various Securities Act, RICO, and related claims. A few days after Butte filed this action, Ernst sued Butte in England, seeking to recover fees for accounting services performed by Ernst for Butte. Butte sought an injunction to prevent Ernst from proceeding with that suit on the ground that Ernst's claim in the English action was a compulsory counterclaim to Butte's own action, and on the ground that an injunction was necessary to prevent duplicitous litigation in courts in both the United States and the United Kingdom. The district court entered the injunction, and Ernst appeals, claiming first, that the district court lacked jurisdiction over Ernst and, second, that it abused its discretion in entering the injunction.
 
 
 3
 We agree with Ernst that it would be inappropriate for a district court to enter any injunction, including a foreign anti-suit injunction, without first considering whether personal jurisdiction could be asserted over the defendant. See Alaska v. Native Village of Venetie, 856 F.2d 1384, 1389 (9th Cir.1988) (plaintiff must show likelihood of success on the merits to obtain pendente lite relief); Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana, 762 F.2d 464, 470-71 (5th Cir.1985) (preliminary injunction may not issue unless plaintiff shows a reasonable probability of proving the court's jurisdiction over the defendant). This case is complicated, however, by the fact that although Ernst has contested jurisdiction and has filed a motion to dismiss, it has yet to file a supporting memorandum or affidavits demonstrating lack of jurisdiction; no hearing has been held. Apparently, Ernst is withholding full briefing on the jurisdiction issue until the district court rules on various discovery matters.
 
 
 4
 Even though the factual record is not fully developed, there is some record of a connection between Ernst and the Montana forum. The business relationship between Butte and Ernst concerned, at least in part, Ernst's preparation of an audit for Butte to assist Butte in raising capital to develop mining ventures owned by subsidiaries of Butte in Montana. It is undisputed that in connection with its audit, Ernst made use of audits of the Montana mining companies that were prepared by Ernst's United States affiliate. And an Ernst partner apparently visited Montana to perform services for Butte. Further factual development is necessary to determine whether Ernst's conduct and its connection with Montana are such that Ernst "should reasonably anticipate being haled into court there." Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir.1990) (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)). But in light of the undisputed connection between Ernst and its U.S. affiliate, and in light of Ernst's failure to provide a full factual and legal basis for its position that the district court lacks jurisdiction, the district court can hardly be faulted for not conclusively resolving the jurisdictional issue prior to ruling on Butte's motion for injunction. Accordingly, we cannot reverse the entry of the injunction on jurisdictional grounds.[1]
 
 
 5
 On the merits, the district court correctly held that Ernst's fee collection claim is a compulsory counterclaim under Fed.R.Civ.P. 13(a). As the district court found, the question whether Ernst's services for Butte were deficient is a central issue to both proceedings. See Pochiro v. Prudential Ins. Co., 827 F.2d 1246, 1249 (9th Cir.1987) (the requirements of Fed.R.Civ.P. 13(a) are met if two claims are "so logically connected that considerations of judicial economy and fairness dictate that all issues be resolved in one lawsuit"). Under the law of this circuit, where a party seeks to litigate a compulsory counterclaim in a foreign country, and where the pursuit of such litigation could result in inconsistent rulings and the likelihood of unnecessary delay, substantial inconvenience and expense, the district court has the discretion to enter an injunction against the foreign proceeding. See Seattle Totems Hockey Club, Inc., v. National Hockey League, 652 F.2d 852, 855-56 (9th Cir.1981), cert. denied, 457 U.S. 1105 (1982). The appellant has provided us with no basis in this record for holding that the district court abused its discretion.
 
 
 6
 As a result of this appeal, discovery disputes between the parties and doubtless for other reasons as well, proceedings in this litigation have been substantially delayed. We affirm the district court's entry of the anti-suit injunction and turn the entire matter over to the district court for further proceedings, including ruling on pending discovery motions and resolving the jurisdiction issue.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We express no opinion on the ultimate merits of Ernst's motion to dismiss on jurisdictional grounds, but note only that this motion should be resolved by the district court as soon as is practical